IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRISTHIAN SALAZAR, )
#Y-15772, )
 )
        Plaintiff, )
 )
  vs. ) Case No. 17-CV-1330-MJR
 )
JOHN BALDWIN, )
CHRISTINE BROWN, )
JOHN DOE, and )
WEXFORD MEDICAL SERVICES, )
 )
        Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Cristhian Salazar, an inmate currently housed at Pinckneyville Correctional Center ("Pinckneyville"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff brings claims relating to allegedly inadequate medical care. Plaintiff seeks monetary damages. In connection with his claims, Plaintiff sues John Baldwin (IDOC Director), Christine Brown (Healthcare Administrator), John Doe (Doctor), and Wexford Medical Services ("Wexford") (Private Healthcare Provider).[1]

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

>  (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>  (b) **Grounds for Dismissal** – On review, the court shall identify

---

[1] Preliminary screening of this action was delayed due to issues with Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (*See* Docs. 6, 7, and 8).

1

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

According to the Complaint, sometime prior to July 26, 2017, Plaintiff began to experience loss of vision and began to suffer from extreme pain in his eyes. (Doc. 1, p. 5). Plaintiff was examined by John Doe, a doctor at Pinckneyville, on November 16, 2016. *Id.* Plaintiff claims that John Doe failed "to properly treat him" and, as a result, he started having severe headaches (lasting three to six hours), extremely dry eyes, eye irritation, and sleeplessness. *Id.* Subsequently, John Doe prescribed two different types of eye drops. (Doc. 1, p. 6). However, Plaintiff rarely receives the medication as prescribed. *Id.* At some point, John Doe told Plaintiff, "Just wear the glasses I'm ordering." Plaintiff complied with this directive, but his condition has only worsened. *Id.* Plaintiff has submitted sick-call requests regarding his worsening condition to John Doe and Christine Brown, the Healthcare Administrator, but has not

been scheduled for a follow-up visit. *Id.* Additionally, in December 2016, Plaintiff submitted a "complaint" to Baldwin, the IDOC Director, and Brown. *Id.* Plaintiff was informed that "the grievance" he sent to Baldwin "never arrived." *Id.*

Plaintiff claims that, despite submitting numerous sick-call requests to John Doe and Brown, he has not been seen by John Doe for approximately one year. *Id.* Plaintiff contends that he has daily problems with his vision and daily severe pain. *Id.*

Finally, Plaintiff claims that Baldwin and Wexford are subject to liability because they make "the policy which prevents adequate medical care." *Id.*

## **Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical need against Baldwin, Brown, John Doe, and Wexford.

State officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); Chatham v. Davis, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim, a plaintiff must demonstrate that he suffered from a serious medical condition (i.e., objective standard) and that the state official responded with deliberate indifference (i.e., subjective standard). *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)).

An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). A serious medical condition need not be life-threatening, *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997); it is enough that the "injury for which assistance is sought is sufficiently serious or painful to make the refusal of assistance uncivilized." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir.1996). Not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1372. However, sufficiently serious pain can constitute a serious medical condition. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc*., 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id*. A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369. Additionally, a reasonable response differs depending on the capacity of the alleged wrongdoer. A non-medical prison employee—one who for example handles grievances, or supervises prison operations—will generally not be liable for deliberate indifference if he or she believes the prisoner is receiving adequate medical care, or takes steps to verify that the inmate is receiving care. *See Greeno v. Daley*, 414 F.3d 645, 655-57 (7th Cir. 2005). Individual liability may arise, however, on behalf of a non-medical defendant if the defendant is made aware of a specific constitutional violation via correspondence from the inmate and the individual declines to take any action to address the situation. *See Perez v. Fenoglio*, 792 F.3d

768, 781-82 (7th Cir. 2015). Simply put, a prison official may not escape liability by turning a blind eye to serious harms. *Id*. at 781 ("deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turns a blind eye' to it"). At the screening stage of § 1915A review, the district court must consider if "discovery will shed light on whether [...] the grievance defendants took the needed action to investigate [a plaintiff's] grievances, and reasonably relied on the judgment of medical professionals" in responding to a given grievance. *Id*. at 782.

According to the Complaint, Plaintiff is experiencing vision loss and has severe pain, headaches, and eye irritation on a daily basis. Plaintiff claims these symptoms are causing insomnia and "mental injuries." These allegations are sufficient, at the pleading stage, to suggest that Plaintiff suffers from an objectively serious medical question.

The next question is whether Defendants responded with deliberate indifference to Plaintiff's serious medical need. Read liberally, the Complaint suggests that John Doe and Brown may have exhibited deliberate indifference to Plaintiff's serious medical need by pursuing an ineffective course of treatment, by disregarding Plaintiff's requests for follow-up care, and/or by ignoring Plaintiff's complaints about his treatment. Accordingly, Plaintiff's claim shall proceed as to John Doe and Brown to allow for further development of the record.

The Complaint fails to state a claim as to Baldwin and Wexford. There is no indication that Baldwin was personally involved in the underlying constitutional violation and he is not subject to liability merely because he is a supervisory official. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Additionally, according to the Complaint, Baldwin did not receive Plaintiff's grievance pertaining to inadequate medical care. Thus, the Complaint does not

suggest that Baldwin is subject to liability under the standard articulated in *Perez* or related authority.

The generic policy allegation directed against Wexford and Baldwin is also insufficient. Plaintiff does not identify a specific policy, custom, or practice that is responsible for the alleged constitutional violation. Rather, he baldly asserts that Wexford and Baldwin are responsible for "the policy which prevents adequate medical care." (Doc. 1, p. 6). *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (2011) (neither bald assertions that a policy exists, nor recitations of *Monell*'s legal elements is sufficient). Accordingly, Count 1 shall be dismissed without prejudice as to Baldwin and Wexford.

### Request for Injunctive Relief

In the body of the Complaint, Plaintiff suggests that he is currently being denied medical care for his worsening eye condition. However, Plaintiff does not request any form of injunctive relief. Nonetheless, the Court construes Plaintiff's Complaint as including a request for injunctive relief at the close of the case. If Plaintiff needs medical care during the pendency of this action or wishes to seek some other type of interim relief, he should file a motion for a TRO or a preliminary injunction pursuant to Rule 65(a) or (b) indicating the exact form of relief he seeks, the reasons why he seeks said relief, and the factual allegations supporting his request. He may do so at any time during the pending action.

Further, with respect to Plaintiff's request for injunctive relief, the warden is the appropriate party. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, the Clerk will be directed to add Karen Jaimet, Pinckneyville's Warden, in her official capacity, for purposes of carrying out any injunctive relief that may be ordered.

### Identification of Unknown Defendant

Plaintiff will be allowed to proceed against the unknown Defendant: John Doe. This individual must be identified with particularity before service of the Complaint can be made on him. Also, where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

For that reason, Pinckneyville's Warden, Karen Jaimet, in her official capacity, shall be responsible for responding to discovery (informal or formal) aimed at identifying John Doe. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the unknown Defendant is discovered, Plaintiff must file a motion to substitute the newly identified Defendant in place of the generic designation in the case caption and throughout the Complaint.

### Pending Motions

(1) Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for disposition.

(2) Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) shall be **DENIED** as unnecessary. The Court will order service as a matter of course upon all Defendants who remain in this action pursuant to this screening order because Plaintiff is a prisoner who has also requested permission to proceed in this action as a poor person.

**Disposition**

IT IS HEREBY ORDERED that WEXFORD and BALDWIN are DISMISSED without prejudice for failure to state a claim upon which relief can be granted. The Clerk of the Court is DIRECTED to terminate WEXFORD and BALDWIN as parties in CM/ECF.

The Clerk of the Court is DIRECTED to add KAREN JAIMET, the Warden of Pinckneyville, in her official capacity, so that she may (1) participate in discovery aimed at identifying the John Doe Defendant with particularity and (2) address any injunctive relief that might be granted.

IT IS FURTHER ORDERED that the Complaint, which includes COUNT 1, shall receive further review as to JOHN DOE and BROWN.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare for JAIMET, and BROWN: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is DIRECTED to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Other than notice to be sent to **JAIMET,** as ordered above, service shall not be made on the Unknown Defendant (John Doe) until such time as Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, including for a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 21, 2018**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
